UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Juan Humberto Castillo-Alvarez,** | Civil No. 10-4187 (PAM/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Roger R. Hawkinson, in his capacity as Jackson County Sheriff,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Juan Humberto Castillo-Alvarez's Petition for Writ of Habeas Corpus. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be dismissed without prejudice.

I.   **BACKGROUND**

In June 1997, Gregory "Sky" Erickson was kidnapped in Iowa, transported to Minnesota, and murdered. Petitioner Juan Humberto Castillo-Alvarez was charged on September 20, 2004, by an information filed in Iowa state court, with murder in the second degree, kidnapping in the second degree, and conspiracy to commit a forcible felony, in connection with Erickson's kidnapping and death. *Iowa v. Castillo-Alvarez*, No. 08-0868, 2009 WL 2960419, at *1 (Iowa Ct. App. Sept. 2, 2009). Petitioner was arrested on these charges in Mexico on October 24, 2005, 399 days after the information was filed. *Id.* He was extradited from Mexico to Iowa on September 20, 2006. *Id.* at *3.

Petitioner was tried and convicted of all three counts. *Id.* at *1. The Iowa Court of Appeals reversed the convictions, however, on the ground that the State did not bring Petitioner to trial within ninety days of filing the information, as required by Iowa Rule of Criminal Procedure 2.33(2)(b). *Id.* at *1, 6. The charges were dismissed at the court of appeals' direction, but Petitioner remained in custody.

In February 2010, Petitioner was charged in Jackson County, Minnesota, with two counts of murder in the second degree and one count of kidnapping. (Resp't's App. Supp. Answer Ex. 1; Doc. No. 14.) He was subsequently extradited from Iowa to Minnesota. (*Id.* Ex. 29.) Petitioner filed several pretrial motions in his Minnesota criminal case, as well as a pretrial state habeas petition, challenging his extradition from Iowa to Mexico, claiming a speedy trial violation, and asserting double jeopardy. (*Id.* Exs. 3, 4, 6, 13, 14.) The trial court denied the motions and the petition. (*Id.* Exs. 8, 10, 18.) Petitioner appealed the denial of the habeas petition, but the appeal was dismissed when Petitioner failed to file his appellate brief. *Castillo-Alvarez v. Hawkinson*, No. A10-1751, slip op. at 1-2 (Minn. Ct. App. Dec. 9, 2010).

In January 2011, Petitioner was tried and convicted of all three Minnesota state charges. (Resp't's Suppl. App. Supp. Answer Exs. 30, 31, 32; Doc. No. 21.) He was sentenced in May 2011 to 48 months for kidnapping and 480 months for second-degree murder. (*Id.* Ex. 34.) Final judgment has not been entered, presumably because the amount of restitution has yet to be determined. *See Minnesota v. Castillo-Alvarez*, Case No. 32-CR-10-31 (Jackson Co. Dist. Ct. May 5, 2011). A restitution hearing is scheduled for August 23, 2011. Pursuant to a Warrant of Commitment issued on May 5, 2011, Petitioner was transferred from the Jackson County Law Enforcement Center to the Minnesota Correctional Facility in St. Cloud, Minnesota, to begin serving his sentence. (Resp't's Suppl. App. Supp. Answer Ex. 34; Doc. No. 21.)

While Petitioner was awaiting trial on the Minnesota state charges, he filed the instant habeas petition pursuant to Minnesota Statute § 589.01 and Article I, Section 9 of the United States Constitution, naming Jackson County Sheriff Roger Hawkinson as Respondent. (Pet. at 1; Doc. No. 1.) Petitioner challenges his extradition from Iowa to Minnesota as a breach of the extradition treaty between the United States and Mexico. He also argues that a trial on the Minnesota charges would violate the Double Jeopardy Clause and Minnesota law, and further asserts that he has been deprived of his Sixth Amendment right to a speedy trial. Respondent answers that Petitioner has failed to exhaust his state court remedies.

## II. DISCUSSION

Neither Minnesota Statute § 589.01 nor Article I, Section 9 of the United States Constitution provide a basis for federal habeas relief. In an Order dated October 15, 2010, this Court observed that Petitioner was not in custody pursuant to a state court judgment at that time, and thus was not eligible for relief under 28 U.S.C. § 2254.[1] (Order at 1 n.1; Doc. No. 2.) The Court assumed, for the time being, that Petitioner was seeking relief under 28 U.S.C. § 2241(c)(3).[2] Now that Petitioner has been tried and convicted during the pendency of this proceeding, the Court questions whether his petition should be construed under § 2254.

The Eighth Circuit Court of Appeals has not addressed whether a § 2241 petition should be converted to a § 2254 petition when the petitioner is tried, convicted, and sentenced during the pendency of habeas review. Other circuit courts to address the issue are divided. In *Yellowbear v.*

---

[1] Section 2254(a) authorizes federal courts to entertain habeas petitions brought by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

[2] Section § 2241(c)(3) authorizes federal courts to entertain a habeas petition brought by a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state criminal defendant seeking federal habeas relief before trial must proceed under § 2241. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

*Wyoming Attorney General*, the petitioner was convicted and sentenced while his federal habeas appeal was pending, and the Tenth Circuit construed his § 2241 petition under § 2254. 525 F.3d 921, 924-25 (10th Cir. 2008). Similarly, in *Jackson v. Coalter*, the First Circuit addressed the petitioner's claims under § 2254, even though the district court had applied § 2241, because the petitioner pled guilty while his habeas case was on appeal, thereby subjecting him to a state court judgment. 337 F.3d 74, 79, 81, 85 (1st Cir. 2003). The Sixth Circuit has not decided the issue, but has commented that a "subsequent conviction *could* mean that § 2254" applies to a petition initially brought under § 2241. *Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) (emphasis added).

On the other hand, the Ninth Circuit has held that the governing consideration is whether the petitioner was in custody pursuant to a state court judgment at the time the petition was filed. *Stow v. Murashige*, 389 F.3d 880, 882 (9th Cir. 2004). *But see Deere v. Superior Court of Cal.*, 330 F. App'x 693, 694 (9th Cir. 2009) (unpublished) (where petitioner initially filed a § 2241 petition in federal court but was subsequently convicted and sentenced in state court, construing the petition under § 2254). In the Fifth Circuit, a pretrial habeas petition should be brought pursuant to § 2241 "regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner]." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

As a matter of reason and simple statutory construction, the Court believes that the petition should be construed under § 2254. When the petition was filed, Petitioner was seeking a writ to release him from pretrial custody and to excuse him from going to trial on the charges pending against him. That relief is no longer available. Petitioner has been tried and convicted,

4

and he is now in custody pursuant to the sentence and Warrant of Commitment entered by the state trial court.

While the lack of a final judgment may preclude Petitioner from appealing his conviction and sentence at this time, it does not preclude the Court from finding that he is in custody pursuant to a state court judgment. In the habeas context, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Here, Petitioner was sentenced and committed to custody to serve that sentence; thus, he is in custody pursuant to a state court judgment. Federal Rule of Civil Procedure 54(a) further supports this conclusion: A "judgment" is "any order from which an appeal lies." Fed. R. Civ. P. 54(a); *see also Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules.") Because Petitioner's sentence is an order from which an appeal lies, it is a judgment. For a person in custody pursuant to a state court judgment, § 2254 is the only vehicle for his claims "no matter how his pleadings are styled." *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

Under § 2254, a federal court cannot entertain a petition for a writ of habeas corpus by a state prisoner unless the prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present all of his federal claims to each state appellate level before seeking relief for those claims in federal court. *O'Sullivan*, 526 U.S. at 845. A prisoner has not exhausted state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 22 U.S.C. § 2254(c). Here, Petitioner has not presented any of his federal claims to the highest available state court, and he has the right to do

so on direct appeal. Accordingly, his claims are not exhausted. After he fairly presents his federal claims to each level of the state courts, only then may he seek federal habeas review.

Even if the Court were to construe Petitioner's federal claims under § 2241, as if he were still a pretrial detainee, the claims should be dismissed nonetheless. Although § 2241 does not expressly require exhaustion, federal courts have consistently required pretrial detainees to exhaust their claims in state court first, as a matter of comity. *E.g.*, *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-92 (1973); *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636. "Extraordinary circumstances" may include claims of double jeopardy, *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992), or speedy trial violations, *Braden*, 410 U.S. at 489-90, both of which Petitioner alleges here.

In *Braden*, a state prisoner filed a § 2241 habeas petition in federal court to force the state to bring him to trial on an indictment filed three years earlier. 410 U.S. at 485. The Supreme Court deemed the petition timely because the prisoner was in custody and had exhausted his state court remedies. *Id.* at 488-89. *Braden* is distinguishable from the present case in two crucial respects. First, the *Braden* petitioner was seeking to compel a trial, not to be released and avoid trial altogether, as Petitioner does here. Second, the *Braden* petitioner exhausted his state court remedies before seeking § 2241 relief, which Petitioner has not done. Both circumstances must be present to justify a federal court's interference with a state's criminal proceedings based on an alleged speedy trial violation. *See, e.g., Moore v. DeYoung*, 515 F.2d 437, 444-46 (3d Cir. 1975);

*see also Sacco*, 649 F.2d at 635-37; *Dickerson*, 816 F.2d at 227-28. Thus, the Court should not hear Petitioner's speedy trial claim at this time.

No special circumstances warrant early consideration of Petitioner's double jeopardy claim, either, because that claim is neither exhausted nor colorable. The exhaustion requirement applies to pretrial double jeopardy claims, *see Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992), just as it does to speedy trial claims. As for the merits, "successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause." *Heath v. Alabama*, 474 U.S. 82, 88 (1985). "When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" *Id.* (quotation omitted). In the case at hand, while the Iowa and Minnesota charges were based on the same conduct, the charges were brought by two separate sovereigns under their respective laws. Thus, Petitioner was not put in jeopardy twice for the same offense.

Before concluding, the Court must briefly address Petitioner's state law-based claims. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Thus, even if Petitioner had exhausted his state claims, they are not cognizable on federal habeas review.

## III.   RECOMMENDATION

Whether the petition is construed under 28 U.S.C. § 2254 or § 2241, Petitioner has not exhausted his federal claims in the Minnesota state courts. Moreover, there are no extraordinary circumstances warranting early consideration of these claims. The Court recommends that the

petition be dismissed without prejudice so that Petitioner may seek federal habeas relief after the Minnesota state courts have had an opportunity to address his federal claims.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** and that **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 4, 2011

                                          s/ *Jeanne J. Graham*
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 19, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.