UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Juan Humberto Castillo-Alvarez,   Civil No. 10-4187 (PAM/JJG)

  Petitioner,

v.   **MEMORANDUM AND ORDER**

Roger R. Hawkinson, in his capacity
as Jackson County Sheriff,

  Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham dated August 4, 2011. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action without prejudice. Petitioner filed timely objections to the R&R.[1]

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

---

[1] As noted below, Petitioner's purported objections are not styled as objections at all. Indeed, Petitioner's arguments are basically reiterations of those made in his briefs in support of his Petition and do not allege any specific error that the Magistrate Judge made. Additionally, Petitioner proffers wholly new arguments in support of his Petition. (See Pet'r's Obj. at 10-11 (Docket No. 30) (contending that the State of Minnesota violated Petitioner's substantive due process rights, that Petitioner was not in Minnesota at the time the underlying offense occurred, and that Petitioner did not seek refuge in Iowa).) Yet "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). The Court therefore will not consider these new arguments.

**BACKGROUND**

A fully detailed factual background was set forth in the R&R, and thus the Court will provide only a brief overview of salient facts. On September 20, 2004, Petitioner was charged with second-degree murder, second-degree kidnaping, and conspiracy to commit a forcible felony in Iowa state court. State v. Castillo-Alvarez, No. 08-868, 2009 WL 2960419, at *1 (Iowa Ct. App. Sept. 2, 2009). Petitioner was arrested in Mexico on October 24, 2005, and extradited to Iowa to stand trial for these charges on September 20, 2006. Id. at *1, 3. Following Petitioner's conviction on all charges, the Iowa Court of Appeals reversed on the ground that the State did not try Petitioner within 90 days of filing the information as required under the Iowa Rules of Criminal Procedure. Id. at *1, 6.

In February 2010, Petitioner was charged with two counts of second-degree murder and one count of kidnaping in Jackson County, Minnesota. After extradition from Iowa to Minnesota, and while awaiting trial, Petitioner filed a state habeas petition that challenged his extradition from Mexico to Iowa, claiming a speedy trial violation, and arguing that jeopardy had already attached. The petition was denied and Petitioner's subsequent appeal was dismissed because Petitioner failed to file an appellate brief.

Petitioner also filed the instant Petition while awaiting trial, citing Minnesota Statutes § 589.01 and Article I, Section 9 of the U.S. Constitution as bases for relief. Specifically, Petitioner argued that the pending trial would violate the Double Jeopardy Clause, Petitioner's right to a speedy trial, Minnesota law, and the extradition treaty between the United States and Mexico.

While awaiting determination of his Petition, Petitioner was tried and convicted on all charges in Minnesota state court. In May 2011, Petitioner was sentenced to 48 months imprisonment for kidnaping and 480 months for second-degree murder. As the Magistrate Judge noted, final judgment had not yet been entered at the time the R&R was filed, presumably because the issue of restitution remained outstanding. A hearing on that issue was scheduled for August 23, 2011.

**DISCUSSION**

At the outset, the Court must decide under which habeas statute Petitioner's claim may be heard. As the Magistrate Judge noted, Petitioner may not avail himself of Minnesota Statutes § 589.01 because that statute governs state habeas petitions only. Therefore, because Petitioner originally filed this Petition while awaiting his trial in Minnesota, the Magistrate Judge initially observed that this action could only be maintained under 28 U.S.C. § 2241(c)(3). (Order of Oct. 15, 2010, at 1 n.1 (Docket No. 2).) But in the interim, Petitioner was tried and convicted in Minnesota state court and thus the Petition could plausibly be construed under 28 U.S.C. § 2254. As the Magistrate Judge noted, the Eighth Circuit has not yet decided whether a § 2241 habeas petition may be converted to a § 2254 petition when a petitioner is convicted and sentenced during the pendency of habeas review.

The Magistrate Judge conducted a thorough examination of relevant caselaw from other circuits as well as the plain meaning of the habeas statutes. Petitioner does not object to this analysis, and after review this Court finds that analysis convincing and will therefore adopt the Magistrate Judge's reasoning. (See R&R at 3-5.) The Court thus holds that the

3

Petition must be construed under 28 U.S.C. § 2254.

A petition brought under § 2254 may not be heard until "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). It is evident that Petitioner has not exhausted his state-court remedies in this case, and therefore his Petition may not yet be heard. Moreover, as the Magistrate Judge noted, even if this Court were to construe the Petition under § 2241, out of comity courts still generally require Petitioner to exhaust his state remedies. Sacco v. Falke, 649 F.2d 634, 635-36 (8th Cir. 1981) (citations omitted). The only exception to this rule involves a case in which extraordinary circumstances arise, including allegations of double jeopardy and speedy trial violations. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-90 (1973); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992).

In this case, Petitioner has not shown the requisite extraordinary circumstances that would justify this Court exercising jurisdiction over his non-exhausted Double Jeopardy and speedy trial claims. Indeed, Petitioner does not attempt to refute the Magistrate Judge's analysis on these points (see R&R at 6-7), but rather reiterates the same arguments he made in his supporting briefs. Petitioner's other arguments—that his extradition from Iowa to Minnesota violated the extradition treaty between the United States and Mexico and that his trial violated Minnesota state law—cannot yet be heard even under the extraordinary circumstances exception.

Finally, an individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2254 must first secure a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A);

Fed. R. App. P. 22(b)(1); Fed. R. Governing § 2254 Cases in the U.S. District Courts 11(a). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). In this case, because Petitioner clearly has not exhausted his state remedies and has failed to substantiate a colorable constitutional claim—let alone the requisite substantial showing of such a claim—the Court will not grant a COA.

**CONCLUSION**

Because Petitioner has not exhausted his state-court remedies and no extraordinary circumstances exist, Petitioner's habeas corpus petition may not be heard. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 29) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED without prejudice**; and

4. A Certificate of Appealability is **DENIED**.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, August 25, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge